IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS K. BUSH,

    Plaintiff,

v.

THE EXECUTIVE BRANCH UNITED STATES GOVERNMENT, PRESIDENT BARACK OBAMA, ATTORNEY GENERAL LORETTA LYNCH, F.B.I. DIRECTOR JAMES COMEY, U.S. DEPT OF JUSTICE, HILLARY RODHAM CLINTON, Former Secretary of State, BILL CLINTON, Former President, THE CLINTON FOUNDATION, PATRICK FRANCIS KENNEDY, Under Secretary of State for Management, U.S. DEPT OF STATE, FEDERAL BUREAU OF INVESTIGATION, SPECIAL AGENT R. STEPHEN FARR, Atlanta, JAMES TATMAN, Civil Rights Director, SAM OLENS, Georgia Attorney General, FRANCES MULDERIG, ROGER CHALMERS, Georgia Dept. of Law, STEVE RAFTER, Georgia Convict, INTERNAL REVENUE SERVICE, GEORGIA DEPT OF REVENUE, OTHER UNNAMED DEFENDANTS,

    Defendants.

1:16-cv-4067-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendants Roger Chalmers ("Chalmers") and the Georgia Department of Revenue's ("GDOR") Motion to Dismiss [12] and Motion to Stay [13]; Plaintiff Thomas K. Bush's ("Plaintiff") Motion for Relief from Court Order [14], Motion for Sanctions [18], Motion for Defendants to Comply [19], Motion for Court Conference [25], and Motion for Sanctions [26]; and the Federal Bureau of Investigations ("FBI"), Internal Revenue Service ("IRS"), United States Department of Justice ("DOJ"), United States Department of State, and the Executive Branch's Motion to Dismiss [21] and Motion to Stay [28].

**I.  BACKGROUND**

On October 31, 2016, Plaintiff Thomas K. Bush ("Plaintiff") filed his *pro se* Complaint [1] against at least twenty defendants, most of whom are government entities or high-profile government officials.  The Complaint alleges that Defendants President Barack Obama, Hillary Clinton and F.B.I. Director James Comey "conspire[ed] not to arrest and prosecute former secretary of state Hillary Rodham Clinton . . . in regards to Mrs. Clinton using a private email server while serving as secretary of state."  (Compl. at 1).  The Complaint further alleges that "the executive branch of the United States Government has violated the

2

separation of powers outlined in the U.S. Constitution . . . by seizing judicial power from the judicial branch of government," including because "Defendants Obama, [Loretta] Lynch, Comey, U.S. Dept of Justice are not members of the judiciary, and cannot decide Hillary Clinton's innocence when she clearly violated multiple sections of Title 18 U.S.C." (Id. at 8). Plaintiff also alleges that "[Edward] Snowden was simply a whistleblower, not a criminal," and that Defendants President Barack Obama and U.S. Dept of Justice violated federal law "by bringing criminal charges against Mr. Snowden." (Compl. at 17).

Plaintiff did not file proof of service on any of the Defendants within the ninety-day period required by Rule 4(m) of the Federal Rules of Civil Procedure.

On October 3, 2017, the Court ordered that Plaintiff file, on or before October 16, 2017, proof that service was waived or effectuated on each Defendant. ([4]). The Court admonished Plaintiff that "[f]ailure to do so will result in dismissal of this action." (Id.).

On October 13, 2017, Plaintiff filed a Return of Service Unexecuted as to Defendants Frances Mulderig and Jim Owens. ([6]).

On October 16, 2017, Plaintiff filed a Return of Service for Defendants Rodger Chalmers and the Georgia Department of Revenue. ([7]).

On October 16, 2017, Plaintiff filed a Return of Service Unexecuted as to

3

Defendant Steven Rafter. ([10]).

On October 16, 2017, Plaintiff filed purported proofs of service showing that he sent copies of the summons by certified mail to the Civil Process Clerk of the United States Attorney's Office for the Northern District of Georgia. ([11]). The Defendants whom Plaintiff purported to serve by certified mail include the United States Department of State, the Executive Branch, the FBI, former Attorney General Loretta Lynch, former FBI Director James Comey, the DOJ, former Secretary of State Hillary Clinton, President Bill Clinton, James Tatman, President Barack Obama, the IRS, the Clinton Foundation, Patrick Francis Kennedy, and FBI Special Agent R. Stephen Farr. (Id.).

## II. DISCUSSION

### A. Service of Process

Rule 4 of the Federal Rules of Civil Procedure provides:

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

> **(1) United States**. To serve the United States, a party must:
>
> > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

> > > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
> >
> > (B) <u>send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.</u>;
>
> . . . .
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States <u>and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee</u>.

Fed. R. Civ. P. 4 (emphasis added).

Plaintiff's document purporting to show proof of service on several Defendants through the U.S. Attorney's Office does not constitute proper service under the Federal Rules of Civil Procedure. Service under Rule 4(i)(1)(A)(ii), the only aspect of service that Plaintiff completed, only satisfies one prong of service on the United States. It is not proper service under Fed. R. Civ. P. 4(i)(3) and Fed. R. Civ. P. 4(e). It furthermore does not constitute service on individuals or nonfederal entities. The only Defendants served properly in this action are Roger Chalmers and the GDOR. Accordingly, the action is dismissed as to all other defendants pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

5

B. The GDOR and Roger Chalmers's Motion to Dismiss

1. Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

2. Analysis

The Complaint contains no numbered paragraphs and does not separately identify any counts upon which Plaintiff's claims are based. With respect to Defendants GDOR and Chalmers, Plaintiff cites four federal criminal statutes as the basis of his claim: (1) 18 U.S.C. § 1345 (permitting the Government to commence a civil action in federal court to enjoin the commission of specific instances of fraud against the United States or any of its agencies); (2) 18 U.S.C. § 371 (prohibiting two or more persons from conspiring to commit any offense or to defraud the United States, or any agency thereof); (3) 18 U.S.C. § 372 (prohibiting entering into a conspiracy to impede or injure a federal officer); and (4) 18 U.S.C. § 1071 (prohibiting harboring or concealing any person from arrest). The Complaint, however, makes no factual allegations consistent with those statutes.

Plaintiff's "addendum" does not include any further factual allegations about Defendants GDOR or Chalmers. ([3]). The addendum instead purports to identify additional claims based exclusively on criminal statutes including 18 U.S.C. § 2 (designating who may be punished as a principal in the commission of an offense against the United States); 18 U.S.C. § 3 (designating who may be punished as an accessory after the fact in the commission of an offense against the United States); and 18 U.S.C. § 4 (defining the offence of misprision of felony). (Id.). In his addendum, Plaintiff seeks to add former United States Attorney Sally Yates, as the "tie that binds" the other cases to the case he now seeks to bring, although he fails to identify any connection between proposed defendant Yates and the GDOR and Chalmers or the actions attributed in the original complaint to GDOR and Chalmers.

Finally, in his prayer for relief, Plaintiff alleges that "the Defendants" violated his "4th, 7th and 14th Amendment rights" ([1] at 18), but does not enumerate which defendant or make any fact specific allegation regarding alleged constitutional violations by Defendants GDOR or Chalmers.

The Complaint fails to state a plausible claim for relief against the GDOR and Chalmers. Plaintiff's lengthy complaint and addendum consist almost entirely of confusing recitations of unconnected facts and legal conclusions without any

8

clarity as to the allegations specifically being made against these or other defendants.

The only factual allegations that appear to pertain to the GDOR are barred by Georgia state law and the Tax Injunction Act. Plaintiff alleges that the GDOR "allow[s] employers to illegally classify employees as independent contractors[] and not report earned income they received from their employees." (Compl. at 14). Plaintiff further alleges that the GDOR "ha[s] not provided due process rights to citizens illegally classified as independent contractor." (Id.). To the extent that Plaintiff's claim is based upon being assessed for tax liability as a result of being classified as an independent contractor, that claim is barred by Georgia law, which provides that "[t]he income tax liability of an employee shall be in no way affected by the failure of the employer to withhold the tax required under this article." O.C.G.A. § 48-7-109(b). Even if Plaintiff was misclassified as an independent contractor by his employers, and income tax should have been withheld from his checks, he is not relieved of liability for the unpaid income taxes.

The Tax Injunction Act also bars Plaintiff's claims. It provides: "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Georgia law provides a

9

taxpayer four statutory remedies to contest tax liability asserted by the State: (1) by filing a direct appeal to superior court from a final assessment pursuant to the provisions of O.C.G.A. § 48-2-59; (2) by filing a claim for refund after payment of the disputed assessment pursuant to the provisions of O.C.G.A. § 48-2-35; (3) by filing an affidavit of illegality after the issuance of a tax execution pursuant to the provisions of O.C.G.A. § 48-3-1; or (4) by requesting a review pursuant to the provisions of O.C.G.A. § 50-13-12 of the Administrative Procedure Act ("APA"). Plaintiff does not allege that these state remedies are insufficient or that they were even attempted. Plaintiff has failed to state a plausible claim for relief against the GDOR.

The only factual allegations that appear to pertain to Chalmers arise from Plaintiff's attempt to get information about Defendant Steven Rafter from the Georgia Department of Corrections, which was represented by Chalmers is his capacity as an attorney for the Georgia Department of Law. (Compl. at 12-14). Plaintiff alleges that in that civil action, Defendant Chalmers "would not respond about the GA Dept of Corrections custody of Defendant Steve Rafter or [his] criminal history and did in fact cite that Plaintiff did have previous cases in US District Court, NDGA in regard to fugitive convict Steve Rafter." (Id. at 13). Although Plaintiff seeks to have the Court enjoin Defendant Chalmers from

10

committing fraud, the Complaint is silent as to how the cited actions may have constituted fraud or as to any specific allegations of fraudulent activity by Chalmers. The Complaint therefore fails to state a cause of action against Chalmers.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Roger Chalmers and the Georgia Department of Revenue's Motion to Dismiss [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Roger Chalmers and the Georgia Department of Revenue's Motion to Stay [13] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Internal Revenue Service, United States Department of Justice, United States Department of State, and the Executive Branch's Motion to Dismiss [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that that Internal Revenue Service, United States Department of Justice, United States Department of State, and the Executive Branch's Motion to Stay [28] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Thomas K. Bush's Motion for Relief from Court Order [14]; Motion for Sanctions [18], Motion for Defendants to

Comply [19], Motion for Court Conference [25], and Motion for Sanctions [26] are **DENIED**.

**SO ORDERED** this 12th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE